UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DOREEN MCCAMMON, | ) |
| | ) |
| Plaintiff, | ) 3:22-CV-00385-DCLC-DCP |
| | ) |
| v. | ) |
| | ) |
| THE DOLLYWOOD FOUNDATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Doreen McCammon sued her former employer the Dollywood Foundation (the "Foundation") after it allegedly withdrew funds from McCammon's retirement account [Doc. 1, ¶¶ 17, 22–24]. She seeks to clarify and enforce her rights under §§ 409 and 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(1)(B), in connection with the plan under which that account was maintained [*Id.*, ¶¶ 25–37] (Counts 1 and 2). She further asserts claims for conversion, breach of contract, and breach of fiduciary duty under state law [*Id.*, ¶¶ 38–59] (Counts 3, 4, and 5) and seeks punitive damages on Counts 3 and 5 [*Id.*, ¶ 46; Prayer for Relief, ¶¶ 5, 7].

This matter is currently before the Court on the Foundation's motion to dismiss the state-law claims and the attendant requests for punitive damages [Doc. 14]. McCammon responded in opposition [Doc. 21] and the Foundation replied [Doc. 22]. This matter is now ripe for resolution. For the reasons stated below, the Foundation's motion [Doc. 14] is **GRANTED IN PART AND DENIED IN PART, AS MOOT**. Counts 3, 4, and 5 of the Complaint [Doc. 1, ¶¶ 38–59] are **DISMISSED WITH PREJUDICE**.

1

## I. BACKGROUND

McCammon worked for the Foundation from November 1996 through September 2012 [Doc. 1, ¶ 7]. On December 27, 2001, the Foundation announced that it would begin setting aside a portion of McCammon's salary under a newly adopted retirement plan established under 26 U.S.C. § 457 (the "Plan") [*Id.*, ¶ 8]. In December 2002, the Trust Company of Tennessee (known at the time as the Trust Company of Knoxville) became trustee of the plan, and the Foundation began remitting funds to an account at that company with McCammon as the beneficiary [*Id.*, ¶¶ 12–13, 16–17]. As of September 2015, those funds were still in the account [*Id.*, ¶ 20]. Then, in response to an inquiry by McCammon's husband, McCammon learned via correspondence and a phone call with the trust company that the funds were no longer in the account as of November 2019 and that the Foundation had obtained possession of them [*Id.*, ¶¶ 22–24, Doc. 1-5].

After learning the Foundation had taken possession of the funds, McCammon brought this lawsuit asserting the aforementioned claims under ERISA and state law [Doc. 1, ¶¶ 25–59]. Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 29 U.S.C. § 1144(a), the Foundation moves for dismissal of McCammon's state-law claims and the prayer for punitive damages under two of those claims [Doc. 14].

## II. LEGAL STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations.

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court liberally construes the complaint in favor of the opposing party. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

To survive dismissal, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and dismissal is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III. ANALYSIS

The Foundation argues McCammon's state-law claims for conversion, breach of contract, and breach of fiduciary duty should be dismissed because they are preempted by ERISA. It contends the Plan is governed by that statute, and therefore, ERISA provides the "exclusive vehicle" for adjudicating her claims [Doc. 15, pg. 3].

At the outset, McCammon contends a Rule 12(b)(6) motion is not the proper procedural vehicle for raising preemption [Doc. 21, pgs. 1–2]. She maintains that preemption is an affirmative defense that is more appropriate for resolution on a motion under Fed.R.Civ.P. 12(c) after the Foundation "makes the proper admissions" [*Id.*, pgs. 2–3]. But as explained below, the Complaint contains enough factual allegations taken as true to determine that preemption applies. As the Foundation notes [Doc. 22, pg. 3], courts have repeatedly applied ERISA preemption at the motion-to-dismiss stage. *See Aldridge v. Regions Bank*, No. 321CV00082DCLCDCP, 2021 WL

3

4718489, at *7 (E.D. Tenn. Oct. 8, 2021); *Lane v. Prudential Ins. Co. of Am.*, No. 3:20-CV-100, 2020 WL 7061416, at *5 (E.D. Tenn. July 8, 2020); *Hall v. Prudential Ins. Co. of Am.*, No. 3:13-CV-707-PLR-BHG, 2014 WL 1513269, at *2 (E.D. Tenn. Apr. 15, 2014); *Smith v. Cariten Ins. Co.*, No. 2:08-CV-177, 2008 WL 11342994, at *7-8 (E.D. Tenn. Dec. 3, 2008), *report and recommendation adopted*, No. 2:08-CV-177, 2009 WL 10675597 (E.D. Tenn. Jan. 7, 2009).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relate[s] to" an ERISA plan if it "(1) mandate[s] employee benefit structures or their administration; (2) provide[s] alternate enforcement mechanisms; or (3) bind[s] employers or plan administrators to particular choices or preclude[s] uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Lowe v. Lincoln Nat'l Life Ins. Co.*, 821 F. App'x 489, 492 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Penny/Ohlman/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) ("*PONI*")). Preemption avoids "conflicting federal and state legislation and create[s] a nationally uniform administration of employee benefit plans." *Outward v. Eaton Corp. Disability Plan for U.S. Employees*, 808 F. App'x 296, 315 (6th Cir. 2020) (citing *PONI*, 399 F.3d at 698). "[S]tate-law claims that are expressly preempted under § 1144 should be dismissed with prejudice." *Loffredo v. Daimler AG*, 500 F. App'x 491, 501 (6th Cir. 2012) (citing *Briscoe v. Fine*, 444 F.3d 478, 501 (6th Cir. 2006)).

Here, the Foundation's Plan is an ERISA employee benefit plan [Doc. 1, ¶¶ 8–9; Doc. 1-2, pg. 1; Doc. 1-3, pg. 1].[1] McCammon asserts two claims under ERISA: one for declaratory relief

---

[1] ERISA defines an "employee benefit plan" to include an "employee pension benefit plan," which means "any plan, fund, or program which … (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond …." 29 U.S.C. § 1002(2)(A). The Foundation's Plan does just that.

4

and recovery of benefits under § 502(a)(1)(B), and one for breach of fiduciary duty under § 502(a)(2) [Doc. 1, ¶¶ 25–37] (Counts 1 and 2).[2] In support of the § 502(a)(1)(B) claim McCammon asserts she has satisfied her obligations under the Plan while the Foundation has not or likely will not [Doc. 1, ¶¶ 26–27]. As to the § 502(a)(2) claim, she alleges the Foundation "breached its fiduciary duty to Plaintiff by seizing the funds held for her benefit …" [Doc. 1, ¶ 36]. Her state-law claims for conversion [Doc. 1, ¶¶ 38–46] (Count 3), breach of contract [*Id.*, ¶¶ 47–52] (Count 4), and breach of fiduciary duty [*Id.*, ¶¶ 53–59] (Count 5) all seek relief based on exactly the same conduct. *See Briscoe*, 444 F.3d at 498–99 (holding that state-law claims were alternative enforcement mechanisms where they "simply 'incorporate[d] by reference' the conduct they claim violat[ed] ERISA and then state[d] that such conduct" gave rise to state-law claims). Thus, the state-law claims are alternative enforcement mechanisms and therefore preempted. *See Lowe*, 821 F. App'x at 492.

McCammon argues that her state-law claims are not preempted because the Foundation asserts that the Plan is a "top hat plan" [*See* Doc. 15, pg. 1]. A top hat plan offers deferred compensation to "a select group of management or highly compensated employees." *E.g.*, 29 U.S.C. § 1051(2). Unlike other deferred compensation plans, top hat plans "are almost completely exempt from ERISA's substantive requirements." *Simpson v. Mead Corp.*, 187 F. App'x 481, 483 (6th Cir. 2006). McCammon contends that because ERISA leaves top hat plans largely unregulated, ERISA preemption does not apply, and state law can fill the gap.

Although ERISA does exempt top hat plans from its participation, vesting, funding, and

---

[2] McCammon styles the claim as arising under ERISA § 409, 29 U.S.C. § 1109. Section 409 creates fiduciary duties, while § 502(a)(2) gives McCammon the right to sue for breach of those duties. *See id.* §§ 1109, 1132(a)(2). For consistency, the Court refers to her fiduciary claim as arising under § 502(a)(2).

5

fiduciary requirements, those exemptions do not open the door for state-law regulation. *See, e.g.*, 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1). Although those substantive provisions include explicit carveouts, no parallel exception rescues top hat plans from preemption of state law under § 514. *See* 29 U.S.C. § 1144; *see also Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)) (explaining that Congress intended ERISA to be "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits").

Further, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Dedeaux*, 481 U.S. at 54. Because top hat plans are only available to management or highly paid employees, Congress made the policy judgment that those "individuals, by virtue of their positions or compensation level, have the ability to affect or substantially influence … the design and operation of their deferred compensation plan … and would, therefore, not need the substantive rights and protections of ERISA." *Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 678 (6th Cir. 2007) (citing Dep't of Labor, Office of Pension & Welfare Benefit Programs, Opinion 90–14A, 1990 WL 123933 at *1 (May 8, 1990)). It would hardly further "a nationally uniform administration of employee benefit plans" for state-law claims to regulate top hat plans where federal law deregulates them. *Outward*, 808 F. App'x at 315. In sum, whether the Plan is a top hat plan or not, ERISA still preempts any state-law claims.

The Foundation further requests that the Court "dismiss Plaintiff's prayer for punitive damages" [Doc. 14]. The Complaint, however, only seeks punitive damages in connection with McCammon's state-law claims for conversion and breach of fiduciary duties [Doc. 1, ¶ 46; Prayer

6

for Relief, ¶¶ 5, 7]. Because the Court dismisses those claims, no live claims for punitive damages remain. Accordingly, to the extent the Foundation's motion seeks dismissal of punitive-damages claims, the motion is **DENIED AS MOOT**.

IV. **CONCLUSION**

For these reasons, the Foundation's motion [Doc. 14] is **GRANTED IN PART AND DENIED IN PART, AS MOOT**. Counts 3, 4, and 5 of the Complaint [Doc. 1, ¶¶ 38–59] are **DISMISSED WITH PREJUDICE**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

7

Case 3:22-cv-00385-DCLC-DCP   Document 24   Filed 03/24/23   Page 7 of 7   PageID #: 103